IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARICE WHITMORE : CIVIL ACTION
:
v. :
:
COMMONWEALTH OF PENNSYLVANIA :
PHILADELPHIA PRISON SYSTEM : NO. 14-6911

FILED
DEC 10 2014
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### MEMORANDUM

RESTREPO, J.                                                                   DECEMBER 10, 2014

     Plaintiff Marice Whitmore, a prisoner at the Philadelphia Industrial Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, based on a series of arrests and prosecutions in state court. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### I.    FACTS[1]

     On December 19, 2010, plaintiff was arrested for theft from a motor vehicle. *See Commonwealth v. Whitmore*, Docket No. MC-51-CR-0054647-2010 (Phila. Municipal Ct). He was incarcerated for seven months before the charges against him were withdrawn. One week after his release from imprisonment, plaintiff was arrested on a warrant that issued while he was in custody, even though the warrant "should have been removed when the charges were dismissed." The publicly available docket for plaintiff's second criminal proceeding reflects that he was convicted of the charges. *Commonwealth v. Whitmore*, Docket No. MC-51-CR-

---

[1] The following facts are taken from the complaint and publicly available dockets of relevant state court proceedings.

1

0030678-2011 (Phila. Municipal Ct.). Plaintiff was incarcerated for five months in connection with the second proceeding and broke his tooth in prison during that time period.

Based on those facts, plaintiff initiated this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The caption names only the Commonwealth of Pennsylvania and the Philadelphia Prison System as defendants. However, it appears that plaintiff also sought to bring claims against the Commissioner of the Curran-Fromhold Correctional Facility (CFCF), the Warden of CFCF, and the prosecutor who "re-prosecuted" him. Plaintiff seeks a declaration that his rights have been violated, injunctive relief, monetary damages, and expungement of his criminal record.

## II.   STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In determining whether a complaint states a claim, a court considers "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quotations omitted). Additionally,

2

the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

To the extent plaintiff is alleging that his second prosecution and related imprisonment were unconstitutional in various respects, his claims are not cognizable in a § 1983 action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The publicly available docket for plaintiff's second criminal proceeding reflects that he was found guilty. Nothing in the complaint or on the docket reflects that his convictions or sentence was reversed or otherwise invalidated. Accordingly, plaintiff's claims based on his second prosecution are not cognizable because success on those claims would necessarily imply the invalidity of his convictions.

Liberally construing the complaint, plaintiff is also bringing § 1983 claims based on his first arrest and prosecution, his second arrest, and the broken tooth he suffered during his second incarceration. Pennsylvania's two-year limitations period applies to plaintiff's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations

3

upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The limitations period for plaintiff's malicious prosecution claim did not accrue until the charges terminated in plaintiff's favor. *See Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989). Plaintiff's claims based on the conditions of his confinement accrued when plaintiff "knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, --- F.3d ---, 2014 WL 5155040, at *4 (3d Cir. Aug. 15, 2014).

It is apparent from the complaint and publicly available records that plaintiff was first arrested on December 19, 2010, and held on charges that were subsequently withdrawn on June 24, 2011. *See Commonwealth v. Whitmore*, Docket No. MC-51-CR-0054647-2010 (Phila. Municipal Ct). He was arrested for the second time on July 17, 2011. The docket for plaintiff's second criminal proceeding suggests that he appeared before a judicial officer who set bail on the same day as his arrest. *Commonwealth v. Whitmore*, Docket No. MC-51-CR-0030678-2011 (Phila. Municipal Ct.). Although it is not entirely clear when plaintiff was released from incarceration, he alleges that he was incarcerated for five months in connection with the second criminal proceeding. As he was arrested on July 17, 2011, it would appear that he was released on or about December 17, 2011.[2] Based on those facts, it is clear that plaintiff's false arrest claims accrued in 2010 and 2011, that any malicious prosecution claim based on the first criminal proceeding also accrued in 2011, and that any claims based on plaintiff's conditions of confinement accrued by December of 2011. However, plaintiff did not file this complaint until

---

[2] Publicly available dockets reflect that plaintiff was arrested and charged with retail theft in January of 2012. Accordingly, he must have been released from prison by that time. *See Commonwealth v. Whitmore*, Docket No. MC-51-SU-0000914-2012 (Phila. Municipal Ct.).

4

November 28, 2014 at the earliest—more than two years after his claims accrued.[3] Accordingly, plaintiff's remaining claims are time-barred.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff's claims are barred by *Heck* and the statute of limitations.[4] Accordingly, plaintiff will not be permitted to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice as legally frivolous and as time-barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An appropriate order follows.

---

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint does not reflect when plaintiff delivered it for mailing but it is dated November 28, 2014, and was received by the Court on December 3, 2014.

[4] Plaintiff's claims fail for other reasons as well. The Commonwealth is entitled to Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Philadelphia Prison System may not be sued separately from the city, which, in any event, may not be held liable under § 1983 unless a municipal policy or custom caused the alleged violation of plaintiff's rights. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Burgos v. Phila. Prison System*, 760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011). A prosecutor is entitled to absolute immunity for his role in presenting the Commonwealth's case in criminal proceedings. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976). Furthermore, nothing in the complaint establishes that any prison officials were deliberately indifferent to plaintiff's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).